# In the United States Bankruptcy Court for the Southern District of Georgia
## Brunswick Division

FILED at 9 O'clock & 32 min A.M.
Date 8/24/05

United States Bankruptcy Court
Savannah, Georgia

In the matter of: )
)   Chapter 13 Case
PHYLLIS P. LEWIS )
)   Number 04-21879
)
    *Debtor* )

## ORDER ON OBJECTIONS TO CLAIMS, MOTION TO SELL TIMBER, AND OBJECTIONS TO CONFIRMATION

Debtor filed a Chapter 7 petition on November 29, 2004, and her case was converted to a case under Chapter 13 on January 10, 2005. On March 9, 2005, J. Stewart Pittman filed his objection to confirmation of Debtor's plan, and the Chapter 13 Trustee filed a similar objection to confirmation on March 22, 2005. On March 17, 2005, Debtor filed the Motion to Allow Debtor to Sell Timber. On March 30, 2005, Debtor filed objections to the claims of J. Stewart Pittman and Ethel G. Pittman. The Court held a hearing on all of these matters on June 7, 2005. The Court has jurisdiction over these core matters under 28 U.S.C. § 157(b) and enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACT

Debtor and her brother, J. Stewart Pittman ("Stewart"), are joint owners of a tree plantation in Camden County, Georgia, known as Hazzard's Neck. The trees on the land were planted in approximately 1980. Debtor took primary responsibility for caring for the tree stand.

AO 72A
(Rev. 8/82)

The testimony of Joseph W. Maxwell, a forestry expert, established that in 1994 the trees were overcrowded and diseased, and he suggested the tree stand be thinned to remove the smallest and most diseased trees. He recommended that every third row be removed. Maxwell testified that he recommends thinning to most timber owners and that most stands respond well to thinning.

In June of 1994, Debtor hired Richard Blythe to thin the tree stand. Mr. Blythe removed every third row of trees and the smallest and most diseased trees. In total, Blythe thinned the tree stand by almost 43%. Debtor received $5,371.40 for the timber that was removed during the thinning. Debtor did not consult Stewart regarding the thinning or give him any of the proceeds from the thinning.

Finally, James L. Castleman, a consultant and retired employee of the Georgia Forestry Commission, testified that he examined the tree stand in 1999, 2001, and 2004. He testified that the trees have increased in volume since the thinning occurred. It is clear from the record that the thinning improved the stand and caused no damage to the property.

Ethel Pittman ("Ethel"), Debtor's mother, filed a claim in the case for $37,497.55. From October of 1990 through December of 1993, Ethel loaned Debtor $37,497.55 to pay for living expenses while Debtor was going through a divorce. Debtor's divorce attorney asked Ethel to keep a record of the money that she spent on Debtor's behalf. *See* Plaintiff's Exhibit 1. Both Debtor and Ethel agree that the record was prepared for litigation purposes and that they had hoped Debtor's ex-husband would pay these expenses. Debtor's divorce was final in 1993,

and Debtor was awarded $15,000.00 and the marital home. She did not receive any periodic alimony in the divorce, and the divorce decree did not order Debtor's ex-husband to pay the amounts itemized in Ethel's ledger.

Ethel contends that Debtor knew this $37,497.55 was a loan that Debtor would be responsible for if Debtor's ex-husband failed to pay. Debtor acknowledges that the expenditures were for her benefit, but she asserts that she is not liable for the expenses because the parties intended for her ex-husband to pay them. Debtor also asserts that many of the amounts listed in the ledger were for items that a mother would ordinarily give to her daughter and grandson as gifts.

In 1999 or 2000, Ethel borrowed $17,000.00 from First Federal in order to assist Debtor in purchasing a car. In August of 2001, the note was transferred to SunTrust Bank. As of November 21, 2004, the balance of the note was $4,695.29, and the note is set to mature on September 20, 2006. Plaintiff's Exhibit 2.

Despite Ethel's assertions, I find that the SunTrust loan is not an extension of the loan account evidenced by the ledger. First, the last entry on the ledger is dated December of 1993, and the SunTrust loan was not incurred until at least six years later. Second, although the loan is in Ethel's name, both Ethel and Debtor agree that it was their intent that Debtor would make the payments directly to SunTrust, which Debtor has been doing consistently. They had no similar agreement regarding the ledger balance. Third, Ethel did not give Debtor money directly. Ethel used her creditworthiness to secure a loan for Debtor's benefit, but she did not advance the money to Debtor as she did on the ledger account. Finally, Ethel has not filed a claim in the case related

to this obligation, and the $37,497.55 claim does not include this obligation.

## CONCLUSIONS OF LAW

*1. Objection to Claim of J. Stewart Pittman*

Stewart filed a $16,219.30 claim in Debtor's case for the trees sold during the 1994 thinning. Stewart based his claim on a proportional analysis of the present day value of the tree stand if the trees had not been thinned. However, the thinning caused no damage to the property or Stewart's interest. Indeed, it increased the present value of the stand. It was done on the recommendation of experts in the field and was necessary to preserve and maintain the tree stand. Debtor concedes that as a joint owner Stewart is entitled to one-half of the proceeds that Debtor received from the sale of the trees plus interest. *See* O.C.G.A. § 44-6-121. However, the claim that Stewart filed in the case far exceeds the amount of a one-half interest in the $5,731.40 proceeds. For that reason, Debtor's objection to claim is sustained, and Stewart's claim is reduced to $2,865.70 plus interest.

*2. Objection to Claim of Ethel Pittman*

Ethel filed a claim in Debtor's case in the amount of $37,497.55 as evidenced by Ethel's ledger. Debtor argues that the claim is invalid because it is barred by the statute of limitations and not evidenced by a writing signed by the party to be bound. Because I find that the claim is barred by the statute of limitations, I will not address Debtor's statute of frauds contention.

Pursuant to O.C.G.A. § 9-3-25, a party has four years from the time that a cause of action accrues to bring an action on an open account, breach of contract, or any implied promise

4

or undertaking. This four year limitation also applies to oral contracts. *See* Kueffer Crane & Hoist Serv. Inc. v. Passarella, 247 Ga. App. 327, 543 S.E.2d 113 (2000). Under Georgia law, a cause of action accrues "when the plaintiff could first have maintained his action to a successful result." Engram v. Engram, 265 Ga. 804, 806, 463 S.E.2d 12, 15 (1995)(citation omitted). When money is loaned and there is not an agreement regarding the time of repayment, then the amount loaned is due immediately and the statute of limitations begins to run at once. Kicklighter v. Woodward, 267 Ga. 157, 159, 476 S.E.2d 248, 251 (1996)(citing Teasley v. Bradley, 35 S.E. 782, 110 Ga. 497 (1900)). However, when the facts demonstrate that the "'parties intended, either expressly or impliedly, that demand for repayment would not be made until some future time,' then the statute of limitation does not commence to run until the date of demand for repayment." Mills v. Barton, 205 Ga. App. 413, 414, 422 S.E.2d 269, 271 (1992)(quoting McRae v. Smith, 159 Ga. App. 19, 20, 282 S.E.2d 676 (1981)).

The parties before the Court today presented no evidence of an agreement regarding the time of repayment. The parties also failed to present evidence of any express or implied intention that a demand would be made at a future time. Because there was no agreement regarding the time of repayment and the parties do not fall within the exception adopted by the Georgia Court of Appeals, the statute of limitations began to run at the time that the money was loaned. The last entry on the ledger was December of 1993, so the four-year statute of limitations expired in 1997. Moreover, the parties intended Debtor's ex-husband to be primarily responsible for the liability, so Ethel's cause of action would have accrued, at the latest, when the court issuing the divorce decree declined to order that the ex-husband pay the expenses in the ledger. The divorce was final in 1993; therefore, under that alternative analysis, the statute of limitations

5

expired in 1997. Ethel's claim of $37,497.55 as evidenced in her ledger is barred by the statute of limitations.

*3. Motion to Sell Timber*

Debtor's motion to sell timber must go before the Superior Court of Camden County for a partition action. Pursuant to 11 U.S.C. § 363(h)(1), a debtor can sell the estate interest and any co-owner's undivided interest in property held as a tenant in common only if partition is impracticable. At this time, Debtor has not attempted to partition the property. Debtor disputes that a partition is necessary because she proposes to sell only the trees as opposed to the real property. Before timber is cut, it is realty, but it becomes personalty after it is cut. *See* Clarke Bros. v. McNatt, 132 Ga. 610, 64 S.E.2d 795, 797-98 (1909); Moore v. Vickers, 126 Ga. 42, 54 S.E. 814, 815 (1906). However, both real and personal property are subject to partition in Georgia. *See* O.C.G.A. §§ 44-6-160; 44-12-1. For that reason, Debtor's motion to sell will be held in abeyance pending resolution and/or partition by the Superior Court.

*4. Objections to Confirmation*

Both Stewart and Trustee objected to confirmation of Debtor's plan because the plan as proposed does not distribute to unsecured creditors as much as or more than what the unsecured creditors would receive in a Chapter 7 liquidation, as required by 11 U.S.C. § 1325(a)(4). These objections should be reconsidered in light of this Order; therefore, they will be continued until the time of the further hearing on confirmation.

<u>O R D E R</u>

Debtor's Objection to the claim of J. Stewart Pittman is SUSTAINED. J. Stewart Pittman's claim is reduced to $2,685.70, plus interest.

Debtor's Objection to the claim of Ethel Pittman is SUSTAINED, and the claim is disallowed.

Debtor's Motion to Sell Timber is held in abeyance pending resolution by the Superior Court of Camden County.

J. Stewart Pittman's Objection to Confirmation is CONTINUED until the date of confirmation.

The Chapter 13 Trustee's Objection to Confirmation is CONTINUED until the date of confirmation.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 23rd day of August, 2005.